**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


DWIGHT ROSS a/k/a
GADAR PERETS YISRAEL

      Plaintiff,

v.                                 Case No.  8:05-CV-2197-T-30TGW

DAVID GEE, SHERIFF, Hillsborough
County; JAN BATES, Inmate Programs,
Hillsborough County Sheriff's Office; ART
CARTER, Chaplain, Hillsborough County
Sheriff's Office; and P. LeCLERC, Chaplain,
Hillsborough County Sheriff's Office,

      Defendants.
_____/

## ORDER

    This matter comes before the Court for consideration of Plaintiff's motion for reconsideration of the June 16, 2006 order dismissing his complaint for failure to comply with the Court's December 6, 2005 order directing him to demonstrate that the claims raised in the complaint are properly exhausted, *see* Dkt. 14 (Dkt. 17).  For reasons discussed below, the Court finds that the motion should be denied.

    Seeking an extension of time in which to file proof of exhaustion, Plaintiff filed a Motion for Court Order on December 14, 2005, requesting the Court to direct the Clerk to provide him a copy of the complaint and the documents attached thereto in Case No. 8:05-CV-743-30TGW (Dkt. 6).  There were no documents attached to said motion.  The Motion for Court Order was only granted to the extent that the Clerk was directed to provide

Plaintiff a copy of the requested documents without <u>prepayment</u> of the copying fee, and Plaintiff was ordered to remit payment of the copying fee within 30 days of receiving the documents (Dkt. 7). The Court also directed Plaintiff to comply with the December 6, 2005 Order by verifying exhaustion of his administrative remedies within 30 days. *Id.*

Plaintiff filed a second Motion for Court Order on January 5, 2006, requesting that the Court direct the Clerk to waive the copying fee. Plaintiff also asked the Court to review documents attached to the motion and enter an order finding that the claims presented in his complaint were properly exhausted (Dkt. 9). Attached to the motion were five Inmate Request Forms (#s 543082; 543083; 844888; 862301; and 862302) and one Inmate Grievance.[1] Plaintiff's motion was denied on January 31, 2006 (Dkt. 10), and Plaintiff was advised to conduct himself accordingly.

In his complaint, Plaintiff alleges that:

> Acting under or the lack thereof in their official and individual capacity; David Gee, Sheriff of Hillsborough County Florida, Jan Bates, Inmate Programs Director, H.C.S.O.; a sub-agent of the sheriff; Art Carter #4154, Supervised release. Chaplain, a sub-agent of the Sheriff H.C.S.O.; P. LeClerc, #6936, Chaplain, H.C.S.O.. A sub-agent of the sheriff; which all did interferred [sic] with the Plaintiffs [sic] right to particiate [sic] in religious practices approx. beginning on or about 02-11-05 while Plaintiff were [sic] incarcerated at the Orient Road Jail, Hillsborough County, Florida. David Gee, Sheriff, H.C.S.O. has failed to properly train and maintain his sub-agents.

> The Plaintiff have [sic] suffered negligence and intentional infliction of emotional distress. Defendants['] actions or lack thereof was [sic] an intentional crime of hate. Plaintiff have [sic] been and are continuing to be excluded from exercising his greatest amount of individual freedom and

---

[1] At the Hillsborough County Jail, Inmate Request Forms "are required to apply for most services, to request admission in programs/activities, and to appeal disciplinary actions." Inmate Handbook, Hillsborough County Sheriff's Office, Department of Detention Services, Revised July 2005, at 24. The act of asking questions or seeking information, guidance, or assistance is not considered to be a grievance. "Inmates are afforded the opportunity to register complaints about the conditions of their confinement, policy, or incidents" by filing a Grievance Form "available upon request from the pod deputy." *Id.* at 6.

opportunity for pursuit of religious beliefs and practices to included the appropriate apparel including worship service, study class, literary material, dietary practices and outside field missionary teachers. The defendants have or seem to have a "neutral" policy when dealing with the chaplancy [sic] and it's religious programs creating a conspiracy against the Plaintiffs [sic] religious beliefs as devout, covenant, endowed Hebrew Isaelites [sic], which has an "adverse impact" on Plaintiffs because they are Hebrew Israelites. Plaintiffs have suffered irrepairable [sic] harm and dismay.  It is the Plaintiff's belief that at this point it is a mortal sin to be denied their god given, constitutional and human rights by said defendants.  Every person has the rights to his belief; to express his religious beliefs in worship, teaching, and practice; and to proclaim the implications of his beliefs.  Plaintiffs stand ready to present their [sic] evidence.  David Gee, Sheriff, failed to provide funding for Hebrew Israelites.  Jan Bates, fail [sic] to provide programing, Chaplain Carter and LeClerc, fail [sic] to insure that Plaintiff['s] religious needs were met at the Orient Road Jail.  Defendants have taken crafty counsel against the Plaintiff an consulted together with one consent to cause the Plaintiff to disobey his religious teachings and belief, to jeopardize his blessings and eternal soul, even to this day.

Relief requested: Defendants, [sic] must be reprimanded in their permanant [sic] record and complete a class on diversified religion [sic] studies, write a letter of apology and pay any and all future medical psychological treatment. Plaintiffs [sic] seek general monetary damages in the amount of $6,000,000.00, Six Million Dollars, Separate Special and Punitive Damages to be determined at trial.  To establish, setup and operate [sic] a program within the H.C.S.O. jails for Hebrew Israelites to worship, study, practice and have outside representatives [sic] unhindered.

In the only Inmate Grievance Plaintiff has produced to date, filed February 22, 2005, he

complained:

As a Hebrew Israelite Offender I requested a Kosher mean to Chaplain Carter on 02-17-05.  Chaplain Carter has erroneously denied my request which I have shown and provided proof that this is a tenet of my beliefs (see Nation of Yahweh Shabbath [sic] Home Study Guide pg. [illegible] (call 1-800-967-7337 for verification.  It is well documented of my religious [sic] belief & preference.  Lev. II [illegible] 14:1-21.  I should be able to receive kosher meals!

Dkt. 9, Attach. [unnumbered]. While there is nothing written in the section of the form

captioned: Administrative Response/Action Taken, one of the two signature lines at the end

of that section of the form appears to have a signature on it, albeit illegible, in the space

designated for the Shift Commander/PID #." Plaintiff indicated on the form that he wanted to appeal the matter. There is an unsigned notation on a piece of paper placed over the bottom of the form stating "Kosher is not a requirement for Hebrew Israelite. I have offered a vegetarian diet." *Id.* No documents related to an appeal of the grievance were submitted.

Extending to the Grievance Form the same liberal reading accorded a *pro se* plaintiff's legal briefs, the documents Plaintiff attached to his motion in support of his assertion that he exhausted all administrative remedies only establish that Plaintiff may, *arguendo,* have satisfied the exhaustion requirements of 42 U.S.C. § 1997e(a) on a claim related to "dietary practices." Reopening Plaintiff's case would, however, for reasons discussed below, be an exercise in futility.

**Monetary Relief**

Plaintiff's claims for monetary damages are subject to dismissal. Prisoners retain constitutional protections despite the necessary restrictions on their rights and privileges. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). However, 42 U.S.C. § 1997e provides, in pertinent part, that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e). There is no doubt that Plaintiff was incarcerated at the time he filed his complaint. The Eleventh Circuit has held that the language "'**[n]o** action shall be brought . . . 'means [**no action** shall be ] filed." *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Harris v. Garner,* 216 F.3d 970, 974 (11th Cir. 2000)).

In *Harris*, the Eleventh Circuit fused the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson v. McMillian*, 503

U.S. 1, 9 (1992), for analyzing prisoner civil rights claims. *Harris v. Garner*, 190 F.3d 1279 (11th Cir. 1999), *vacated by*, 197 F.3d 1059 (11th Cir. 1999)*, and reinstated in relevant part by*, 216 F.3d 970 (11th Cir. 2000). Thus, in order to satisfy section § 1997e(e), a prisoner seeking monetary damages for mental or emotional injury must demonstrate more than *de minimus* "physical injury." *Harris*, 190 F.3d at 1286-87.

In this case, Plaintiff does not allege any concrete physical injury resulting from the dietary restrictions. Accordingly, Plaintiff's claim for emotional and mental suffering is foreclosed under 42 U.S.C. § 1997e(e). *See also Harris*, 216 F.3d at 974-77 (interpreting the physical injury requirement of 42 U.S.C. § 1997e(e))*; Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that the Eighth Amendment standards control in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering).

**Injunctive and Declaratory Relief**

It is a well-established principle of law that an actual controversy must exist at all stages of federal court proceedings. Whether a case is moot may be raised by a federal court on its own and at any stage of the proceedings. *See North Carolina v. Rice,* 404 U.S. 244, 246 (1971). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (quotations omitted).

In the instant case, events have occurred subsequent to the filing of the complaint which render Plaintiff's request for injunctive and declaratory relief meaningless. Since Plaintiff was transferred from the Hillsborough County Jail to the Hardee Correctional Institution, a Florida Department of Corrections facility, on July 12, 2006, *see* Dkt. 12, a

favorable decision on his request for an injunction and declaratory relief would not benefit him. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.), *cert. denied,* 488 U.S. 1046 (1989) (finding that "an inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred."); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) (same); *Dudley v. Stewart,* 724 F.2d 1493, 1494-95 (11th Cir. 1984) (same).

Because Plaintiff no longer has a legally cognizable interest in the outcome of the only claim presented in the complaint which may, *arguendo*, be properly exhausted, it would be futile to grant his motion for reconsideration of the dismissal of his complaint because he fails to state a claim for relief that is cognizable under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(e); *Murphy v. Hunt,* 455 U.S. 478, 482 (1982).

ACCORDINGLY, the Court **ORDERS** that Plaintiff's Motion for Reconsideration (Dkt. 17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:  jsh

Copies furnished to:
*Pro Se* Plaintiff